UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVARIOL TAYLOR #940436,

    Plaintiff,                                    Hon. Phillip J. Green

v.                                                 Case No. 1:21-cv-779

BUFFY TOROK, et al.,

    Defendants.
_____/

## OPINION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 47). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. For the reasons discussed herein, Defendant's motion will be granted and this action terminated.

## BACKGROUND

Plaintiff is incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF). The events about which Plaintiff complains, however, occurred at the Ionia Correctional Facility (ICF). Plaintiff initiated this action against seven ICF employees: Nurse Buffy Torok, Corrections Officers Unknown Rees and Unknown Hawn, Captain/Inspector Gary Ferguson, Prisoner Counselor/Grievance Coordinator E. Simon, Prisoner Counselor Unknown Hengesbach, and Nurse Ericka Trainer-VanNortrick.

The Court has previously detailed the allegations in Plaintiff's complaint. (ECF No. 7, 45). At this juncture, the only claim remaining is that Defendant Torok failed to protect Plaintiff during a March 9, 2021 incident. (ECF No. 7, 45). Defendant Torok now moves for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies. Plaintiff has failed to respond to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in

support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir.

2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and

4

>        not the PLRA, that define the boundaries of proper
>        exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. The now current version of this Policy, which took effect on March 18, 2019, superseded the prior version which had been in effect since July 9, 2007. (MDOC Policy Directive 03.02.130 (Mar. 18, 2019). The events relevant to the present motion are governed by the previous version of the Policy. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ P (July 9, 2007). The prisoner must attempt to resolve the matter with staff within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ V (July 9, 2007). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ R (July 9, 2007).

5

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ BB (July 9, 2007).   If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.   MDOC Policy Directive 03.02.130 ¶ FF (July 9, 2007).

In support of her motion, Defendant Torok has identified evidence showing that the grievances Plaintiff pursued prior to initiating this action failed to exhaust any of his claims against her.   (ECF No. 34, PageID.247-80).   Plaintiff has failed to respond to the present motion and, therefore, has failed to refute or call into question Defendant's argument or evidence.   Plaintiff has likewise failed to present any evidence otherwise demonstrating that there exists a genuine factual dispute on the question whether he properly exhausted his administrative remedies regarding his claim against Defendant Torok.   Accordingly, the motion for summary judgment filed by Defendant Torok is hereby granted and Plaintiff's failure to protect claim against Defendant Torok is dismissed without prejudice for failure to exhaust administrative remedies.

## **CONCLUSION**

For the reasons articulated herein, Defendant's Motion for Summary Judgment (ECF No. 47) is granted and Plaintiff's failure to protect claim against Defendant Torok is dismissed without prejudice for failure to exhaust administrative remedies and this matter terminated. For the same reasons the undersigned grants Defendant's motion, the undersigned finds that an appeal of this matter by Plaintiff would not be in good faith. A Judgment consistent with this Opinion will enter.

Date: April 25, 2023 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

7